**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1680
_____

MANUEL ALEXANDER ZUNA-PARAMO;
DEISY ANGELICA GUAMAN-BONILLA; and D.S. Z.-G.,
                                                            Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency Nos. A220-991-094, -095, and -096)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 13, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 13, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

An Ecuadorian grandmother had three sons: Miguel, Cristobal, and Julio. She owned a

house and land but had not yet written a will. She lived with her son Miguel and the

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

petitioners: Miguel's daughter, son-in-law, and grandchild. Because Miguel's family took care of her, she was thinking of bequeathing the property to him. Cristobal and his wife started arguing with Miguel's family over the inheritance. Cristobal hit Miguel's son-in-law, bruising his face, and threatened to hire a gang member to kill Miguel's daughter. Miguel reported the attack and threats to the police and prosecutors, but the authorities did not follow up. Cristobal and his wife forced Miguel and petitioners to move out of the grandmother's house, but Cristobal kept threatening to kill Miguel's son-in-law.

Petitioners then came to the United States illegally. Their presence was discovered, and the government started removal proceedings. They claimed asylum and withholding of removal, alleging persecution based on belonging to their family.

The immigration judge denied relief and ordered them removed. He found that Cristobal and his gang-member friends were motivated by greed and that petitioners' family membership was incidental. He also found the chance of harm speculative, noting that Miguel and his other daughter are still in Ecuador, unharmed. The Board of Immigration Appeals affirmed, dismissing the appeal.

We review the Board's decision as well as the parts of the immigration judge's decision adopted by the Board. *Green v. Att'y Gen. of U.S.*, 694 F.3d 503, 506 (3d Cir. 2012). We review the findings of fact for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Herrera-Reyes v. Att'y Gen. of U.S.*, 952 F.3d 101, 106 (3d Cir. 2020).

Petitioners' claims fail. They have not shown that "one central reason why [they were] or will be targeted" is that they are members of their family. *Thayalan v. Att'y Gen. of U.S.*,

2

997 F.3d 132, 138 (3d Cir. 2021) (internal quotation marks omitted). As the immigration judge reasonably found, Cristobal and his associates' motive was greed. Family membership was "incidental." *Id.* at 142–43 (internal quotation marks omitted). And other members of the same family still live safely in Ecuador yet have not been harmed. Because the agency reasonably found no nexus to the claimed particular social group, we will deny the petition for review.

Separately, we warn the attorneys for the government about their briefing conduct. The government moved to substitute its response brief more than three months after originally filing it, without making clear the extent of the substantive changes. In the future, if a mistake necessitates a motion to substitute, parties should clearly state the differences between the versions.